UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OMAR AGUILAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 C 2952 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| MICHAEL LEMKE, CHARLES F. BEST, ANNA McBEE, TARRY WILLIAMS, SERGEANT JOHNSON, LIEUTENANT JENKINS, BRENNA GEORGE, SALVADOR GODINEZ, and KIM BUTLER, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

The Court grants Defendants Michael D. Johnson, Stanley Jenkins, and Brenna George's motion to dismiss [122]. The Court dismisses Michael D. Johnson, Stanley Jenkins, and Brenna George as Defendants.

## STATEMENT

Plaintiff Omar Aguilar, an inmate challenging his time in and the conditions he experienced while in segregation and restrictive confinement at Stateville Correctional Center ("Stateville"), filed this suit against several Defendants, including Michael D. Johnson, Stanley Jenkins, and Brenna George, pursuant to 42 U.S.C. § 1983. Aguilar filed his second amended complaint on June 6, 2016, adding George, Johnson, and Jenkins as Defendants. As relevant to this motion, Aguilar brings a claim for due process violations against George (Count I), a conditions of confinement claim against Johnson and Jenkins (Count II), and a First Amendment free exercise of religion claim against Johnson and Jenkins (Count III). Counsel filed appearances on behalf of George, Johnson, and Jenkins in April and May of 2018, filing a motion to dismiss for lack of service pursuant to Federal Rule of Civil Procedure 12(b)(5) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, Aguilar agrees to dismiss Brenna George from the action and the First Amendment free exercise claim (Count III) against Johnson and Jenkins. Thus, the Court need only consider Johnson and Jenkins' argument regarding the sufficiency of service.

Rule 4(m) provides that a plaintiff must accomplish service of process—providing each defendant with a summons and the copy of the complaint—within ninety days of filing unless the plaintiff can demonstrate good cause for being unable to do so. Fed. R. Civ. P. 4(b), (c)(1), (m). "A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied

merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *United States v. Ligas*, 549 F.3d 497, 500 (7th Cir. 2008) (citations omitted). Rule 12(b)(5) allows "[a] defendant . . . to enforce the service of process requirements through a pretrial motion to dismiss." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). The plaintiff has the burden to demonstrate proper service. *Id.* If the Court finds that the plaintiff has not met that burden and has not shown good cause for failing to perfect service, the Court must dismiss the suit or extend the period of time to effectuate service. *Id.* The Court's "decision whether to dismiss or extend the period for service is inherently discretionary." *Id.*

Aguilar, proceeding *pro se*, filed this case on April 1, 2015. His initial complaint did not name Johnson or Jenkins. On June 6, 2016, with the assistance of counsel, Aguilar filed a second amended complaint, adding Johnson and Jenkins as Defendants. On September 26, 2016, Aguilar sought an additional thirty days to serve Johnson and Jenkins, noting in the motion that counsel was still trying to ascertain their full names and so had not been able to determine their addresses for service. Doc. 65. The Court granted that motion on October 4, 2016. Doc. 67. Ultimately, Aguilar sent Johnson and Jenkins waivers of service on March 27, 2018, which they executed in April 2018. Docs. 108, 109.

Aguilar acknowledges that he did not serve Johnson and Jenkins within the Rule 4(m) period allowed for service, even as extended by the Court. He also does not contend that he had good cause for failing to do so within that time period. Instead, he asks that the Court exercise its discretion to allow relief from Rule 4(m)'s time constraints. *See New 75th & Cottage Currency Exch., Inc. v. U.S. Postal Serv.*, No. 17 C 6653, 2018 WL 3046947, at *3 (N.D. Ill. June 20, 2018) ("[E]ven absent good cause, the Court can still grant a permissive extension of time to remedy service."). In considering whether to exercise its discretion, the Court should take into account factors such as "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Ultimately, the Court "should consider the relative hardships of the parties." *Cardenas*, 646 F.3d at 1006.

Here, the parties acknowledge that the statute of limitations would bar a refiling of the action, weighing against dismissal. Johnson and Jenkins argue that they will suffer prejudice if the Court allows the case to proceed against them because they will have difficulty recalling the one conversation each of them allegedly had with Aguilar in August 2014 that forms the basis of the claims against them. Johnson and Jenkins contend that Aguilar failed to act with diligence, including by not naming them in his initial complaint. Although the Court notes that Aguilar initiated this action *pro se* as an inmate, proceeding with recruited counsel since February 2016, the Court agrees with Johnson and Jenkins that Aguilar has not demonstrated the diligence necessary to warrant the Court extending the time to effectuate service on them. Counsel did request one extension of time to the service period, explaining that they had been unable to identify Johnson and Jenkins by their full names to effectuate service. But then over a year and a half passed before Aguilar took further action to serve Johnson and Jenkins, without counsel asking the Court for additional time for service. Even once counsel learned of Johnson and Jenkins' full names, it took four months before counsel sent waivers to them. And at this point, fact discovery has closed with respect to Aguilar's claims against the other named Defendants,

which would essentially mean that his conditions of confinement claim against Johnson and Jenkins, essentially the same claim as that proceeding against other Defendants, would need to proceed separately. Although Aguilar did eventually obtain service on Johnson and Jenkins, the Court does not find that this and the fact that his claims are otherwise time-barred outweighs the prejudice and lack of diligence he showed in effectuating service. *See Cardenas*, 646 F.3d at 1006–07 (finding district court did not abuse its discretion in refusing to grant an extension where the district court found plaintiff did not display diligence, delayed service after being informed of the proper method, and did not act despite knowing the consequences of failing to serve an essential party). Therefore, the Court declines to exercise its discretion to retroactively extend the time for service and grants Johnson and Jenkins' motion to dismiss.


Date: September 11, 2018                                             /s/ Sara L. Ellis